IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | Criminal Action No. |
|---|---|
| v. | 1:23-CR-00125-MHC-RGV |
| KORY KEON SOLOMON | |

**Government's Opposition Defendant Solomon's Motion to Modify the Terms of Bond**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Teresa M. Stolze and Elizabeth M. Hathaway, Assistant United States Attorneys for the Northern District of Georgia, files this opposition to Defendant Korey Solomon's Motion to Motion to Modify the Terms of Bond (Doc. 316).

**I.**

**Factual Background**

In 2019, the Drug Enforcement Administration ("DEA") began a long-term investigation of the Paper Gang Family ("PGF"). (Doc. 311-1, 7). PGF members, used encrypted technology, including FaceTime and iMessage, in an effort to thwart law enforcement detection of their drug trafficking activity. (*See* Doc. 311-5-6). Nevertheless, Defendant was identified as someone who received large amounts of drugs in the Northern District of Georgia from PGF members and, in turn, then supplied those drugs to individuals operating in and out of the Middle District of Georgia.

Specifically, on February 24, 2022, a pole camera captured co-defendant Broderick Williams distributing two kilograms of cocaine to Defendant. (*See* Doc.

199-2 at p. 1). Specifically, Broderick Williams arrived in the area in a white Camry, retrieved a bag, and entered Defendant's gold Camry. (*Id.*, Doc. 311-6). Williams exited the Camry a few minutes later, and Defendant left. (*See id*). Defendant was subsequently traffic stopped and law enforcement found two kilograms of cocaine in his car along with a firearm. (*See* Doc. 311-6).

Of note, the Camry Defendant was driving was registered to his mother and Defendant claimed to officers that, rather than engaging in drug trafficking, he was in Atlanta on February 24, 2022 to attend a car auction.

## II.

## PROCEDURAL BACKGROUND

Defendant was arrested on April 26, 2023, and the Government moved for his detention pending trial. (Docs. 34, 148). The Court held a hearing on the Government's motion on May 5, 2023. (*See* Doc 171, 173). At the conclusion of the hearing, the Magistrate Judge granted Defendant bond but under conditions which included home detention. (Doc. 173). The Court specifically allowed travel from the Defendant's home in the Middle District of Georgia for court obligations and attorney meetings with the pre-approval of a supervising officer. (*Id.*) Curfew, which Defendant now requests, rather than home detention, was an option available to the Court, but not selected. (*Id.*)

Following the hearing, on May 22, 2023, Defendant filed a motion to modify the conditions of his bond. (Doc. 237). ("Defendant's first modification motion"). In that first modification motion, Defendant asked the Court to modify his conditions to allow him to care for his "elderly mother and son" and to "attend to his local family." (*Id.*) In this request, Defendant essentially asked for

unrestricted movement – a far cry from home confinement as originally ordered by the Court. These are the same requests Defendant makes again in his second motion for modification where he again request the Court modify his bond conditions to allow him to be free of any restrictions of his movement and a release from home confinement so he can "care for local family" and travel for work. (Doc. 316).  Despite Defendant packaging these requests as a new motion, the Court already considered these requests in Defendant's first motion for modification.

While the Court was considering Defendant's first motion, the government provided the input of Defendant's supervising pretrial services officer who requested 1) she be given access to the locations Defendant planned to visit his family for a home check and 2) that Defendant give advance notice to her before traveling to see his family members, pointing out "if the defendant was given the ability to travel to his family members without checking with pre-trial first, it would be difficult to supervise the defendant."  The Court agreed with the recommendations of the government and pre-trial services and therefore only modified the Defendant's bond to allow him to travel to care for his family on the following conditions: (1) before visiting either his supervising pretrial services office be permitted to conduct a home assessment of the residences defendant would be visiting and (2) before visiting he provide advance notice to supervising officer before traveling to see his mother or son.  (Doc. 269).

Now, in his new motion for additional modification of bond, Defendant appears to, essentially, ask for the same relief the Court has already considered

and rejected: to be free of all home confinement restrictions and be allowed a curfew instead with the ability to travel at will.

Not only has the Court already considered these same arguments before, but Defendant also does not offer any no new argument or evidence in support of this request. Defendant's pretrial services supervising officer is also opposed to this new request, noting:

1) defendant has been allowed to travel and care for his family when advance notice is requested, including travel for work and travel to the residence of his mother and child to care for them;

2) the few occasions when such permission has been denied, Defendant was not requesting to care for his family members but was seeking to attend his child's football games.

### III.
### Augment.

Defendant claims he needs more freedom to properly care for his family members, including his aging mother. However, pretrial services has allowed Defendant to travel to see and care for his mother. Defendant has not alleged specific instances when he has been denied the ability to visit and/or care for his elderly mother or son in their homes. What he has not been allowed to do, according to pretrial services, is attend high-school football games. Attending football games is not the equivalent of caring for the health of an elderly mother and is inconsistent with the condition of home confinement already imposed by the Court. As pointed out by Defendant's pretrial services supervising officer:

Defendant already has more freedom of movement than any other defendant on home condiment she had ever supervised; he does not need more.

Additionally, although the pre-trial services supervising officer noted that Defendant has been largely compliant with the existing conditions of his bond, last month she was contacted by agents with the Georgia Bureau of Investigation (GBI) because a car Defendant had been using (rented by his mother) had been used in a recent shooting. Defendant later explained to the GBI agents that he had allowed a cousin (who is also a convicted felon and suspected gang member) to use his vehicle but did not know anything about the shooting. Even if Defendant had nothing to do with the shooting, his close contact with a convicted felon and suspected gang member while on pre-trial release is far from ideal.

This report from the supervising pretrial officer shows that 1) Defendant can already adequately care for his family members without any additional modifications of bond, and 2) some of the ties to the community and extended family members to which Defendant seeks unrestricted access are potential sources of more crime, to which Defendant does not need easier access. The government also notes that despite having access to his own means of transportation (according to pretrial services), Defendant was originally arrested while driving a car owned by his mother – a situation similar to last month's incident where the vehicle which he loaded to his cousin and was involved in a shooting was a rental vehicle rented by Defendant's mother. Similarly, Defendant now seeks the ability to travel to the Northern District of Georgia whenever he wants to attend car auctions for work. This same story was also

5

used by Defendant when he was arrested in this case and lied to officers about his presence in Atlanta, claiming he was only in town for a car auction rather than picking up drugs.

In summary, Defendant has provided no new evidence or support for his Motion, which essential restates requests which the Court has already rejected. Pre-trial services is opposed to Defendant's motion, as is the government.

### IV.

### Conclusion

For the foregoing reasons, the Government submits deny Defendant's Motion to modify the conditions of his bond.

Respectfully submitted,

RYAN K. BUCHANAN
   *United States Attorney*


/s/TERESA M. STOLZE
   *Assistant United States Attorney*
   Georgia Bar No. 151873
   Teresa.Stolze@usdoj.gov


/s/ELIZABETH M. HATHAWAY
   *Assistant United States Attorney*
   Georgia Bar No. 076212
   Elizabeth.Hathaway@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

                        Robert Glickman

September 27, 2023

                        /s/ TERESA STOLZE
                        TERESA STOLZE
                        *Assistant United States Attorney*