IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
|---|---|
| v. | |
| KORY KEON SOLOMON | 1:23-cr-125-MHC-RGV-15 |

## ORDER

This case is before the Court on Defendant Kory Keon Solomon's Motion to Modify the Terms of Bond. [Doc. 316.] Defendant is presently on bond and conditions of release that include home detention, and he is supervised in the Middle District of Georgia where he currently resides. [Doc. 173.] In his motion, Defendant asks the Court to eliminate home detention and instead impose a curfew and "travel requirements" to allow him "to attend to his family, including attending school and other functions" and "to travel to Atlanta for his business" which includes attending auto auctions. [Doc. 316 at 2.] The government objects to the request. [Doc. 320.] Upon consideration of the parties' arguments, the Court **DENIES** the motion.

The Bail Reform Act authorizes the Court to "at any time amend" an order setting conditions of release "to impose additional or different conditions of

release." 18 U.S.C. § 3142(c)(3). Based on the parties' submissions, the Court is not persuaded that modifying the conditions of release is appropriate.

As an initial matter, the Court is not persuaded that further relaxing the condition of home detention is really necessary for Defendant to attend to his family or work obligations. In June 2023, on Defendant's motion, the Court modified the home detention requirement to allow Defendant to leave his residence to care for his elderly mother and child, provided that he obtain advance approval from his supervising officer. [Doc. 269.] The government proffers that Defendant's supervising officer has granted Defendant's requests to travel for work and to visit his mother and child to care for them, and that the "few occasions" when permission has been denied, Defendant was not requesting to care for family members by instead to attend his child's football games. [Doc. 320 at 4.]

Nor does the Court believe it appropriate to allow Defendant to travel to Atlanta to attend auto auctions (or other business-related events) without the permission of his supervising officer. When this Court set bond, it intentionally included the condition he not leave the Middle District of Georgia unless he obtained approval from his supervising officer. This was because his alleged role in the drug conspiracy charged in this case involved his driving to Atlanta to pick up drugs under the auspices of legitimate work.

And were this not enough, the government also proffers that Defendant's cousin allegedly borrowed a car from Defendant, and that car is suspected of having been used in a recent shooting. [Doc. 320 at 5.] While Defendant denies having anything to do with the shooting—and the government does not suggest that he did—the Court shares the government's concern that one degree of separation from dangerous criminal activity counsels against giving Defendant greater freedom of movement.

For these reasons, Defendant's motion [Doc. 316] is **DENIED**.

IT IS SO ORDERED this 4th day of October, 2023.

_____
JOHN K. LARKINS III
United States Magistrate Judge